NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIO RAFAEL RODRIGUEZ
SANCHEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1715

Agency No.
A214-250-023

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2025[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Julio Rafael Rodriguez Sanchez ("Rodriguez"), a native and citizen of

Guatemala, petitions for review of a decision of the Board of Immigration Appeals

("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ")

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

denying Rodriguez's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms the IJ "and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citation omitted). We review denials of asylum, withholding, and CAT relief for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We may review "whether the BIA applied the correct legal standard" to determine if a conviction constitutes a particularly serious crime, but "we lack jurisdiction over the BIA's ultimate determination" of this issue. *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (quotation marks and citation omitted). We deny in part and dismiss in part Rodriguez's petition for review.

1. The BIA did not err in its determination that Rodriguez was convicted of three particularly serious crimes. The agency may examine "all reliable information" in its "wide-reaching" particularly serious crime analysis, *Bare*, 975 F.3d at 964 (citation omitted), and the "factors to be considered are: (1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction," *id.* at 961 (quotation marks and citation omitted). In 2020, Rodriguez was convicted of possession of a controlled substance while armed with a firearm, Cal. Health & Safety Code § 11370.1(a);

resisting, delaying, or obstructing an officer, Cal. Penal Code § 148(a)(1); and carrying a loaded firearm, in violation of Cal. Penal Code § 25850(a). In concluding that these three convictions constituted particularly serious crimes, the IJ properly considered the sentences imposed, Rodriguez's membership in "one of L.A.'s most violent gangs," Rodriguez's possession of cocaine, the risks posed by Rodriguez's disposal of a firearm in the backyard of a residence, and the probation officer's report stating that Rodriguez pointed his firearm at an officer. The BIA affirmed this portion of the IJ's decision. We deny the petition for review as to its challenge to the agency's application of the correct legal standard, and we dismiss the petition for review to the extent it asks us to re-weigh these factors. Rodriguez's conviction for a particularly serious crime renders him ineligible for asylum and withholding of removal.[1] *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii).

2.     Substantial evidence supports the BIA's determination that Rodriguez failed to establish eligibility for CAT protection. Those seeking CAT protection must show that it is more likely than not that they will be tortured by or with the acquiescence of a public official in their native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Rodriguez does not contest the IJ and BIA's

---

[1]    Accordingly, we do not reach Rodriguez's other challenges to the agency's denials of asylum and withholding of removal.

determination that he was not tortured in the past.  *See Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005) ("[P]ast torture is ordinarily the principal factor on which we rely.").  Rodriguez's out-of-date and generalized country conditions evidence and his unsupported speculation about potential targeting by the police and gang members fail to compel the conclusion that "it is more likely than not that [he] will face a *particularized* and *non-speculative* risk of torture."  *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023); *see also Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–707 (9th Cir. 2022) (denying petition for review because country conditions evidence acknowledging "crime and police corruption in Mexico generally" did not demonstrate that the petitioner faced a "particularized, ongoing risk of future torture").

**PETITION DISMISSED IN PART AND DENIED IN PART.**[2]

---

[2]     The existing Stay of Removal (Dkt. No. 23) will dissolve when the mandate issues.